### No. 2.

LEE *against* HAVENS. *Addison* 1820.

AN administrator, appointed in another State only, the intestate being a citizen of that State, acquires, by virtue of such appointment, no interest, in simple contract debts, due from resident citizens of this State.

Such administrator, cannot endorse a note, against a citizen of this State, as aforesaid, so as to convey any right to the endorsee.

*CASE stated.* William Havens, then of Weybridge, in the

HARVARD LAW SCHOOL LIBRARY

County of Addison, executed his note, to Ezekiel Lee, of Barre, in the commonwealth of Massachusett, of the following tenor:

"*Addison, Sept.* 16, 1812.

"For value received, I promise to pay Ezekiel Lee, or his order, two hundred and eleven dollars, &c.

"WILLIAM HAVENS."

Previous to September, 1814, Ezekiel Lee died, having appointed, by his will, Martha Lee his Executrix, who duly proved the will, in the Probate Court, for the County of Worcester, and commonwealth of Massachusetts, where the testator last resided, and took upon herself the execution of said will: Afterwards Martha Lee died, leaving the estate of Ezekiel Lee unsettled, and administration thereof was duly granted *de bonis non*, with the will annexed, to Samuel Lee, of said Barre, by the Probate Court, in said County of Worcester. The will of Ezekiel Lee, was never proved in any Probate Court, in this State, nor was administration of the estate of Ezekiel Lee, granted to said Samuel Lee, by any Probate Court in this State: Afterwards, and before the commencement of this suit, Samuel Lee, administrator, as aforesaid, endorsed the said note in due form of law to the plaintiff: The defendant has ever been a resident citizen of this State, from the date of the note to this time. Statute of limitations waived.

If the Court are of opinion the plaintiff ought to recover, then judgment to be rendered for plaintiff, otherwise, plaintiff to become non-suit.

For plaintiff *D. Chipman*—That, the act of an administrator, in a foreign State, which is valid there, is to be considered valid, when called in question, in a suit in this State; whether, such act be the assignment of a note, sale of land, or any other act, valid, by the laws of the State, where it has been transacted; and, that, whether an administrator, can sue, in that capacity, in this State, without taking out letters of administration, in this State, is immaterial, in this case.

*Contra. S. S. Phelps*—That Samuel Lee had, by virtue of his authority, derived from the Court of Probate, in Massachu-

setts, as administsator of the estate of Ezekiel Lee, deceased, no interest in, or control over, the note in question, the same being effects of the deceased within this State ; and he could neither recover on the same by action brought in his own name, or transfer to any other person the right so to recover.

I. On *principle.*

1. The administrator is the mere officer of the Court of Probate, and derives his authority, not from the intestate, but, solely, from the municipal authority of the State in which he is appointed. 2 Black. Com. 506, 509.

The disposition of effects, left vacant by the decease of the' owner, is a mere matter of municipal regulation; from this source, the jurisdiction of the Court of Probate is derived, and not from any delegation by the last owner of such effects : It is therefore like that of every municipal officer *local :* The power of its officers cannot be more extensive than that of the Court itself : The jurisdiction of a Court of Probate, is a jurisdiction *in rem,* commencing when the power of the owner of the effects ceases ; and being in its nature local, does not extend to effects not within the limits of its jurisdiction. The note in question, is effects of the deceased, in this State ; for, the power of the creditor or payee over the same ceasing, ere that of any Court of Probate attaches, there is nothing but the *residence* of the *debtor* or *maker* to give jurisdiction.

2. It is contrary to the policy of our laws, to permit a foreign administrator to act ; if an administrator abroad can withdraw the effects of the deceased from the State, the State must lose its priority, and creditors here, resort to a foreign jurisdiction for their pay ; where, perhaps, a priority is established, so that they may be excluded ; besides, they have not, in such case, the security for the due administration of the effects, which our law requires.

3. It will not be contended, that the Probate Courts, in Massachutets, can exercise jurisdiction over lands lying in this State ; if therefore, they *can* authorise an administrator to act at all, in this State, they cannot order a sale of lands, if neces-

sary for the payment of debts, nor an assignment of dower to the widow, nor a distribution among heirs : To suppose an administrator can act *at all*, when he cannot proceed to a full discharge of his duties, is absurd. If an administrator, appointed abroad, cannot administer upon lands in this State, one must be appointed here, for that purpose. We have then *two* administrators upon *one* estate, one, appointed in Massachusetts, to administer upon personal estate, and one, appointed in this State, to administer upon the real ; this mode of proceeding is impracticable. Which shall pay debts ? The administrator in Massachusetts. How can the Court of Probate in this State enforce that duty ? But, if the personal estate is not sufficient for that purpose, the real must be sold, and he has no control over it. Shall the administrator in this State pay debts ? He has no control over the personal property, and the real cannot be sold if the personal be sufficient ; if it is not sufficient, how shall the Court of Probate, in this State, know that fact ? Where shall creditors prove their claims ? Suppose a mortgage, in this State ; which shall control it ? Suppose an administrator, appointed in Massachusetts, sues a note in this State, recovers judgment, and is obliged to levy on lands, what shall be done with it ?

4. Our Statute provides for the probate, in this State, of *wills*, which have been proven abroad, 1 Stat. 145 ; if the probate of a *will, abroad*, gives to the *executor* authority to act, in this State, this Statute is unnecessary : The Statute requires *bonds* of the executor, in such case ; if he can act, without authority from our Courts, *this* provision is nugatory ; so, it requires notice to all concerned, and gives a right of appeal.

Any person interested, may procure a probate of the will, and the Judge may, thereupon, in his discretion, grant administration with the will annexed. This ousts the jurisdiction of the Court abroad.

If an *executor* appointed abroad, whom the testator nominated to that office, and in whom he reposed a personal confidence,

cannot act in this State, without authority from our Courts ; *a fortiori* an *administrator* cannot.

5. The Courts of Probate, in this State, have jurisdiction where the deceased *resided* abroad.

1. They have jurisdiction upon general principles, for reasons above stated.

2. Our Statute *expressly* gives them jurisdiction :

In case of a will. 1 Stat. 145.

In case of intestacy. 1 Stat. 142.

If they have jurisdiction over the effects here, the Courts where the deceased last resided, are excluded, for both cannot have jurisdiction.

II. The view of the subject already taken, is supported by abundant authority.

1. The jurisdiction of an ordinary or Court of Probate is local.

In England. It has ever been held, that an ordinary has no power over effects, not within his diocese. 3 Black. Com. 509. Bac. Ab. Exrs. E. Adams v. Savage, 1 Salk. 40.

So of the Metropolitan. If a man dies, having effects in two provinces, administration must be granted in both. "For they are two supreme jurisdictions, and neither can act in the other." Bac. Ab. Exrs. E. Allison v. Dickinson, 1 Hard 216.

So, no notice is taken, in England, of administration granted abroad ; but administration must be taken out there. 11 Vin. Ab. 73, 76. 2 Com. Dig. 256. 8 Ves. Jun. 44.

If a man dies, leaving effects, in England, and in Ireland, administration must be granted in both. Bac. Ab. Exrs. E. 11 Vin. Ab. 76.

So a grant of administration, in England, does not extend to the American colonies. Atkins v. Smith, 2 Atk. 63. Wright v. Mott, 1 H. Black. 146.

2. In the United States.

An executor or administrator, appointed in a foreign State has no authority in the United States. Grovener v. Harris, 1

N

Dallas 456. Dixon v. Raversay, 3 Cranch 319. Select men of Boston v. Boylston, 2 Mass. R. 384.

Letters of administration granted in one State, confer no authority to act in another, nor to control effects lying out of the State, in which the administrator is appointed. Riley v. Riley, 3 Day 74. Champlin v. Tilly, 3 Day 304. Cir. Court U. S. Stanton v. Holmes, 4 Day 87. 1 Hayn. 354. Goodwin v. Jones, 3 Mass. R. 514. Fenwick v. Sears, 1 Cranch 259.

An administrator, appointed in Massachusetts, cannot, *as such*, maintain ejectment in this State. (See No. 5.)

An administrator, appointed in another State, is not, *as such*, liable, in Massachusetts, to an action, so as to charge lands of his intestate lying there. Borden v. Borden, 5 Mass. R. 67.

Nor is an administrator, appointed *there*, holden to account *there*, for effects, received by him in another jurisdiction. 2 Mass. R. 384. 8 Mass. 506.

*Finally*. The authority, granted by the Probate Court, in Massachusetts, does not purport, nor is it understood by that Court, to extend beyond the jurisdiction of the State.

The rule is settled, in that State, by its Supreme Court, which is also a Court of ultimate jurisdiction, in probate matters, that, grants of administration in one State, confer no authority to act in another. 2 Mass. R. 384. 3 Do. 514. 5 Do. 67. 8 Do. 506, cited above.

The extent of the authority, conferred by letters of administration *there*, must be determined by the laws of *that* State, and they, having settled the rule, as above stated, *their* acts must be construed with reference to it, and *their* grants of administration are to be taken as subject to that limitation.

Our Courts will not, it is believed, extend the authority of the administrator, farther, than the Court, from which that authority is derived, intended to extend it.

2. Debts due are bona notabilia. Bacon Ab. Exrs. E. Byron v. Byron, Cro. Eloiz. 472.

A simple contract debt, is bona notabilia where the debtor resides. Bac. Ab. ut supra. Hillard v. Cox, 1 L. Raymond

562.    Adams v. Savage, 1 Salk. 40.    Goodwin v. Jones, 3 Mass, R. 514.

A promissory note is a simple contract debt, within the above rule.    Bac. Ab. ut supra.

The endorsement of the note makes no difference ; for the incapacity of the administrator, is not a mere incapacity to sue, but a total want of interest in, or control over, the note in question.

By the Court.    The administrator, appointed in Massachusetts, *only*, has not, *as such*, any interest, whatever, in the property, left by the deceased, in this State, and can exercise no control over such property.

2.  The note in question, is property of the deceased, in this State, where the debtor resided.    The plaintiff obtained no right to the note, by the endorsement, and cannot sustain this action.

The plaintiff became non-suit.